UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>　　　　Defendants. | 1:20-cv-00023-ADA-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO VACATE DEADLINES PENDING RESOLUTION OF MOTIONS**<br><br>**(ECF No. 42.)**<br><br>**Deadlines Vacated:**<br><br>　　To file exhaustion motions – April 1, 2023<br>　　To conduct discovery　　-- June 1, 2023<br>　　To file dispositive motions – August 1, 2023 |

## I.   BACKGROUND

Plaintiff Jose Reyes is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the Fourth Amended Complaint filed by Plaintiff on November 9, 2022, against Defendant Moosbauer for retaliation; and against Defendants Moosbauer and Fisher for RLUIPA violations, First Amendment Free Exercise Clause violations, and an Eighth Amendment Failure to Protect Plaintiff violation. (ECF Nos. 34, 36.)

On December 1, 2022, the Court issued its Discovery and Scheduling Order establishing a deadline of April 1, 2023 to file exhaustion motions; a deadline of June 1, 2023 to conduct discovery and file motions to compel; and, a deadline of August 1, 2023 to file dispositive motions. (ECF No. 38.)

On March 13, 2023, Defendants Fisher and Moosbauer ("Defendants") filed an ex parte application to vacate the deadlines pending the resolution of two motions. (ECF No. 42.)

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirements of the order. Id.  The court may also consider the prejudice to the party opposing the modification. Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request that the Court vacate the April 1, 2023 exhaustion motion filing deadline; the June 1, 2023 discovery deadline (and all other deadlines based on that deadline); and the August 1, 2023 dispositive motion filing deadline, pending the resolution of two motions: (1) Defendants' motion for an order revoking Plaintiff's *in forma pauperis* status (ECF No. 40), and (2) Defendants' motion to compel responses to Defendant Moosbauer's interrogatories (ECF No. 41).

In the first motion, Defendants request that because Plaintiff has been released from custody, Plaintiff be ordered to pay the filing fee or submit a new *in forma pauperis* application, and that the case be dismissed if he fails to do so. Defendants contend that resolution of that motion could obviate the need for further litigation.

In the second motion, Defendants seek to compel Plaintiff to serve responses to Defendant Moosbauer's interrogatories.   (ECF No. 41.)   Defendants expect information in the interrogatories regarding Plaintiff's alleged exhaustion of remedies, for a motion for summary judgment on that issue.  To date, Plaintiff has not responded to the interrogatories, and Defendants have been unable to contact Plaintiff at his addresses of record.  Defense counsel states that he is not aware of a direct telephone number or e-mail address at which Plaintiff can be contacted.

The Court finds good cause to vacate the deadlines in the Court's Discovery and Scheduling Order as requested by Defendants.    Therefore, the motion to modify the Scheduling

Order, filed by Defendants on March 13, 2023, shall be granted. The Court shall vacate the deadlines for filing exhaustion motions, conducting discovery and filing motions to compel, and filing dispositive motions, pending the resolution of Defendants' motion to revoke Plaintiff's *in forma pauperis* status, filed on March 8, 2023, and Defendants' motion to compel filed on March 13, 2023, with new deadlines to be set, if needed, upon resolution of the motions.

### III.   CONCLUSION

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's Discovery and Scheduling Order, filed on March 13, 2023, is GRANTED;

2. The deadlines for filing exhaustion motions, conducting discovery and filing motions to compel, and filing dispositive motions are vacated pending the resolution of Defendants' motion to revoke Plaintiff's *in forma pauperis* status, filed on March 8, 2023, and Defendants' motion to compel filed on March 13, 2023;

3. If needed after the resolution of Defendants' pending motion to revoke Plaintiff's *in forma pauperis* status, and Defendants' pending motion to compel, the Court shall set new deadlines for filing exhaustion motions, conducting discovery and filing motions to compel, and filing dispositive motions; and

4. All other provisions of the Court's December 1, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **May 2, 2023**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE