UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES,<br><br>            Plaintiff,<br><br>      vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>            Defendants. | 1:20-cv-00023-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE DENIED**<br><br>**(ECF No. 40.)**<br><br>**OBJECTIONS, IF ANY, DUE ON OR BEFORE <u>MAY 30, 2023</u>** |

   Plaintiff Jose Reyes is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

   Currently before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis* status, filed on March 8, 2023.  (ECF No. 40.)

**I.      PROCEDURAL BACKGROUND**

   This case now proceeds with the Fourth Amended Complaint filed by Plaintiff on November 9, 2022, against Defendant Moosbauer for retaliation; and against Defendants Moosbauer and Fisher for RLUIPA violations, First Amendment Free Exercise Clause violations, and an Eighth Amendment Failure to Protect Plaintiff violation. (ECF Nos. 34, 36.)

1

On March 8, 2023, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status based on his release from prison. (ECF No. 40.) Plaintiff did not file an opposition and the time to do has now passed. Local Rule 230(*l*).

**II.     IN FORMA PAUPERIS STATUS**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. Townsend v. Rendon, No. 121CV01120DADSABPC, 2022 WL 1462181, at *1 (E.D. Cal. Apr. 1, 2022) (citing see 28 U.S.C. § 1914(a).) [1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Id. (citing see Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999)). However, if the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), at the time of filing, he may be granted leave to proceed *in forma pauperis*, but unlike non-incarcerated civil litigants, he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. Id. (citing see 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002)).

Thus, under the PLRA, a prisoner seeking leave to proceed *in forma pauperis* must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." Id. (citing 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005)). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. Id. (citing see 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4)). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). However, the additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. Id.

which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. Id. (citing see 28 U.S.C. § 1915(b)(2)).

**Another benefit** of *in forma pauperis* status is that the plaintiff is entitled to service of process of the complaint upon defendants by the U.S. Marshal. Fed. R. Civ. P. 4(c)(3) (in cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint). Here, this benefit was not mentioned in Defendants' motion and therefore the Court will not address it in this order.

### III.   DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS

Defendants assert that Plaintiff was incarcerated at Valley State Prison in Chowchilla, California, when he filed this action. As a prisoner, therefore, he is "required to pay the full amount of a filing fee" in order to commence a civil action. Id. (quoting 28 U.S.C. § 1915(b)(1)). When a prisoner, like Plaintiff, files a motion to proceed *in forma pauperis* which shows he is financially unable to prepay the full amount of the civil filing fee required by 28 U.S.C. § 1914(a), the Court typically assesses an initial partial filing fee based on Plaintiff's average inmate trust account deposits and balances over the six-month period preceding the filing of his complaint, see 28 U.S.C. § 1915(b)(1), and thereafter directs the "agency having custody" to forward both the initial and subsequent monthly payments required "until the filing fees are paid." Id. (quoting see 28 U.S.C. § 1915(b)(2)).

Defense counsel, Zachary Glantz, indicates that Plaintiff has been released from custody, declaring as follows:

> On November 10, 2022, I received a letter dated November 7 from Plaintiff Jose Reyes enclosing a copy of his Fourth Amended Complaint. The letter informed me that Plaintiff was going to be released from prison on November 24, and it provided an address where correspondence relating to this case should be sent following his release. The Fourth Amended Complaint, but not this letter, were docketed by the Court on November 9. (ECF No. 36.) A true and correct copy of Plaintiff's November 7 letter to me is attached hereto as Exhibit A. (Declaration of Zachary Glantz, ECF No. 40 at 7 ¶ 2.)

On November 18, I wrote a letter to Plaintiff in response to his November 7 letter, although my letter was not placed in the mail to Plaintiff until November 20. In my letter, I warned Plaintiff that his correspondence to me did not satisfy his obligations to keep the Court apprised of his current address. A true and correct copy of my response letter to Plaintiff is attached hereto as Exhibit B.  (Id. at 7 ¶ 3.)

Plaintiff was assigned the CDCR number AC9213 during his incarceration. A search of CDCR's online Inmate Locator (located at https://inmatelocator.cdcr.ca.gov/) for that number yields no results, indicating that Plaintiff has been released from CDCR's custody. (Id. at 7 ¶ 4.)

## IV. DISCUSSION

Plaintiff has not notified the Court of his release from Valley State Prison, nor of an address change.  In fact, on January 23, 2023, the Court served an Order of Understanding on Plaintiff at his Valley State Prison address, identified by his CDCR number A9213, and the mail was not returned to the Court as undeliverable.  (ECF No. 39.)  Since the January 23, 2023 service, the Court has not served any other orders on Plaintiff or filed any documents submitted by Plaintiff.  (Court Record.)

Plaintiff's release from custody would render 28 U.S.C. § 1915(b)'s fee collection provisions unenforceable in this case.  If Plaintiff is no longer incarcerated at Valley State Prison or another correctional facility, no inmate trust account exists from which his filing fees may be garnished and forwarded to the court. Townsend, 2022 WL 1462181, at *1 (E.D. Cal. Apr. 1, 2022) (citing see DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2010) (noting that after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments.")).

The Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been released, *i.e.*, whether he must prepay the entire civil filing fee at once, whether he may proceed pursuant to some other partial fee and/or court-ordered installment payment plan, or whether his obligation to pay the fee is waived altogether or in part by virtue of his release. Makoni v. Downs,

No. 16CV2335-AJB (WVG), 2016 WL 7210403, at *2 (S.D. Cal. Dec. 13, 2016) (citing see Putzer v. Attal, 2013 WL 4519351 at *1 (D. Nev. Aug. 23, 2013) (unpub.) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite, i.e.,* during the litigation."); see also Turner v. San Diego County, 2014 WL 5800595 at *2-3 (S.D. Cal. Nov. 7, 2014) (unpub.) (noting absence of 9th Circuit authority); Patten v. Walker, 2015 WL 3623687 at *5 (E.D. Cal. June 9, 2015) (unpub.) (same)). However, some district courts and some other circuit courts have held that if a prisoner proceeding *in forma pauperis* is released from prison while their action is pending, they must submit an updated *in forma pauperis* affidavit under 28 U.S.C. § 1915(a)(1) or pay the filing fee. Id. (citing see DeBlasio, 315 F.3d at 399; In re Prison Litig. Reform Act, 105 F.3d 1131, 1138-39 (6th Cir. 1997); McGann v. Comm'r Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996) (holding "a released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners"); Flores v. Cal. Corr. Women's Facility, Case No. 1:19- cv-1509-NONE-JLT (PC), 2020 WL 8821643 at *2 (E.D. Cal. June 24, 2020) (released prisoner plaintiff must notify the Court of intent to pay filing fee or file a non-prisoner application to proceed *in forma pauperis*); Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (applying McGann and DeBlasio to require released prisoner plaintiff to submit a new *in forma pauperis* application to continue to proceed *in forma pauperis*); but see Gay v. Texas Dep't of Corr. State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997) (applicability of PLRA is determined at the time of filing, and subsequent release "is irrelevant" to continuing obligation to pay fee)).

Defendants provide evidence that Plaintiff expected to be released from Valley State Prison on November 24, 2022. (Declaration of Zachary Glantz, ECF No. 40 at 8 ¶ 2 & Exh. A.) Defense counsel declares that he searched CDCR's online Inmate Locator for Plaintiff's CDCR number AC9213 and the search yielded no results, indicating that Plaintiff has been released from CDCR's custody. (Id. at ¶ 4.)

**Importantly** however, this Court's financial records show that Plaintiff finished paying the $350 filing fee in full for this case in October 2021. (Financial Department.) Because Plaintiff's filing fee for this action is paid in full, Defendants' motion to revoke Plaintiff's *in forma pauperis* status is moot, whether or not Plaintiff has been released from custody. Therefore, the Court shall recommend that Defendants' motion to revoke Plaintiff's *in forma pauperis* status be denied.

## V.      CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Defendants' motion to revoke Plaintiff's *in forma pauperis* status as a prisoner, filed on March 8, 2023, be DENIED; and
2. This case be referred back to the Magistrate Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **On or before May 30, 2023**, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 3, 2023**                              **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE