UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES,<br><br>          Plaintiff,<br><br>     v.<br><br>VALLEY STATE PRISON, et al.,<br><br>          Defendants. | **1:20-cv-00023-ADA-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**(ECF No. 44.)**<br><br>**PLAINTIFF'S RESPONSE DUE ON OR BEFORE <u>JULY 20, 2023</u>** |

**I.   BACKGROUND**

Jose Reyes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the Fourth Amended Complaint filed by Plaintiff on November 9, 2022, against Defendant Moosbauer for retaliation; and against Defendants Moosbauer and Fisher for RLUIPA violations, First Amendment Free Exercise Clause violations, and an Eighth Amendment Failure to Protect Plaintiff violation. (ECF Nos. 34 & 36.)

On May 3, 2023, the Court issued an order requiring Plaintiff to either (1) serve responses to Defendant Moosebaur's first set of interrogatories or (2) file with the court a statement of opposition or non-opposition to Defendants' motion to compel (ECF No. 41), on or before May 30, 2023.  (ECF No. 44.)  The May 30, 2023 deadline has now expired and Plaintiff has not filed

1

a statement of opposition or non-opposition to the motion to compel. Moreover, on June 15, 2023, Defendants filed a motion to dismiss this case in which they assert that Plaintiff failed to comply with the Court's May 3, 2023 order requiring him to serve responses to Defendant Moosebaur's first set of interrogatories. (ECF No. 46 at 14 ¶ 12.)

## II.   DISMISSAL FOR FAILURE TO COMPLY WITH COURT'S ORDERS

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Here, it appears that the four factors weigh in favor of dismissal.

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since January 17, 2020. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not respond to the Court's orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* with this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However,

inasmuch as the dismissal being considered in this case is without prejudice, the Court shall stop short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III.    ORDER TO SHOW CAUSE

In light of the foregoing analysis, Plaintiff is **HEREBY ORDERED** to respond in writing to this order, on or before **July 20, 2023**, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order issued on May 3, 2023 (ECF No.44). **Failure to respond to this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **June 21, 2023**                        **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE