UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES,<br><br>            Plaintiff,<br><br>        v.<br><br>VALLEY STATE PRISON, et al.,<br><br>            Defendants. | **1:20-cv-00023-ADA-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS**<br><br>**(ECF Nos. 44, 47.)**<br><br>**OBJECTIONS, IF ANY, <u>DUE BY AUGUST 10, 2023</u>** |

**I.      BACKGROUND**

Jose Reyes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the Fourth Amended Complaint filed by Plaintiff on November 9, 2022, against Defendant Moosbauer and Fisher. (ECF Nos. 34 & 36.)

On May 3, 2023, the Court issued an order requiring Plaintiff to either: (1) serve responses to Defendant Moosebaur's first set of interrogatories, or (2) file with the court a statement of opposition or non-opposition to Defendants' motion to compel on or before May 30, 2023. (ECF No. 44.) The May 30, 2023 deadline expired and Plaintiff did not file a statement of opposition or non-opposition to the motion to compel. Moreover, on June 15, 2023, Defendants filed a

1

motion to dismiss this case in which they assert that Plaintiff failed to comply with the Court's May 3, 2023 order requiring him to serve responses to Defendant Moosebaur's first set of interrogatories. (ECF No. 46 at 14 ¶ 12.)

On June 21, 2023, the Court issued an order for Plaintiff to show cause by July 20, 2023, why this case should not be dismissed for Plaintiff's failure to comply with a court order. (ECF No. 47.)  The July 20, 2023 deadline has expired and Plaintiff has not filed a response to the order to show cause.

## II.     DISMISSAL FOR FAILURE TO COMPLY WITH COURT'S ORDERS

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since January 7, 2020.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not respond to the Court's orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to court orders that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Given that Plaintiff is a

prisoner proceeding *pro se* and *in forma pauperis* for this action, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III.     RECOMMENDATIONS AND CONCLUSION

Accordingly, the Court **HEREBY RECOMMENDS** that this case be dismissed based on Plaintiff's failure to comply with the Court's orders issued on May 3, 2023 and June 21, 2023.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before August 10, 2023**, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 21, 2023**                              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE